The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on whether a teacher employed by the Vilonia School District who lives in the Conway School District may enroll his child in the Vilonia School District.
Your question is governed primarily by A.C.A. § 6-18-203(b) (Cum. Supp. 1993), which provides as follows:
 (1) The children or wards of any person who is a public school teacher in one school district in this state, or is employed full-time by an educational cooperative, and is a resident of another school district in this state shall be entitled to be enrolled in and to attend school in either the district in which the parent or guardian resides, the district in which the parent or guardian is a public school teacher, or any district located in the county in which the main office of the educational cooperative is located.
 (2) However, beginning with the 1993-94 school year, no student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district. Notwithstanding the foregoing, however, those students transferring to or attending a nonresident district prior to July 1, 1993, who would qualify or have qualified for such attendance pursuant to this subsection may continue to attend the school in the nonresident district.[1]
This office has opined that a child's initial enrollment in school constitutes a "transfer" within the meaning of A.C.A. § 6-18-203(b). Op. Att'y Gen. 94-043 (copy enclosed). Whether a Vilonia teacher residing in Conway will be able to enroll his child in the Vilonia schools thus will depend primarily upon whether the percentage of enrollment in the Vilonia schools for the child's race exceeds that percentage in the Conway schools.
Of course, the child of a teacher, like any other student, may apply for a legal transfer under A.C.A. §§ 6-18-316 and -317 (Cum. Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Act 726 of 1995 amends A.C.A. § 6-18-203(b)(2) to provide as follows:
 However, beginning with the 1993-94 school year, no student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds the percentage in his resident district. Notwithstanding the foregoing, however, those students transferring to or attending a nonresident district prior to July 1, 1993, and any siblings who would qualify for such attendance pursuant to this subsection may attend the school in the nonresident district. With the exception of the districts located in Pulaski County so long as those districts remain under a federal court desegregation order, the children or wards of any person who was a public school teacher in a school district of this state and a resident of another school district in this state, on July 1, 1993, shall be entitled to be enrolled in and to attend school in either the district in which the parent or guardian resides or the district in which the parent or guardian was a public school teacher on July 1, 1993, as long as the teacher remains teaching in the nonresident district, notwithstanding any provision of this subsection to the contrary.
 It is the intent of the General Assembly that this enactment promote family unity by allowing those families with children and wards enrolled in and attending certain schools prior to the change in law effected by Act 1105 of 1993 to send all their children to the same schools. The General Assembly recognizes and embraces the responsibility of the State to promote desegregation of its schools, and finds that this enactment affects such a limited class of students that desegregation will not be impeded. If, however, unforeseen circumstances result in a finding by a court that a school district is unlawfully segregated in whole or part as a result of these provisions, the provisions herein shall not apply to the children or wards of teachers in those districts.
 Therefore, the provisions herein shall not apply to the children or wards of those teachers who reside in school districts which may hereafter be found by a court to be unlawfully segregated if such finding is based upon segregation which was caused in whole or in part by the effects of these provisions.
Thus, after the effectiveness of Act 726, the answer to your question will also depend upon whether siblings of the child attended the Vilonia Schools prior to July 1, 1993, and whether a court makes certain findings with respect to a school district at issue. Act 726 will become effective July 28, 1995. See Op. Att'y Gen. 95-119.